**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 96-cv-91139-ZLW-CBS

In re
WAL-MART STORES, INC., FAIR LABOR STANDARDS ACT LITIGATION- MDL 1139

---

Consolidated Civil Action No. 95-Z-1705 (CBS)

BILLY PRESLEY,
CINDY WACASTER, and
JERRY ARCHULETA, for and on behalf of themselves and other employees similarly situated,

    Plaintiff,

v.

WAL-MART STORES, INC., a Delaware corporation,

    Defendant.

and

Consolidated Civil Action No. 95-Z-2050 (CBS)

MICHAEL FIORENZI,

    Plaintiff,

v.

WAL-MART STORES, INC., a Delaware corporation,

    Defendant.

---

**ORDER DENYING DEFENDANT'S REQUEST FOR EXPERT WITNESS TESTIMONY**

Magistrate Judge Craig B. Shaffer

    The matter before the court is Defendant's Request for Expert Witness

Testimony, which was made in Defendant's Statement for Status Conference [#n/a], filed April 25, 2005. Plaintiffs filed "Plaintiffs' Brief in Opposition to Defendant's Request for Expert Testimony" [#560] on May 3, 2005. Defendant filed "Defendant's Brief Regarding Experts" [#562], on May 10, 2005.

This court has reviewed Defendant's Request for Expert Witness Testimony, the Plaintiffs' Brief in Opposition to Defendant's Request for Expert Testimony, Defendant's Brief Regarding Experts, the exhibits, the entire case file, and the applicable law and is sufficiently advised in the premises. For the reasons discussed below, it is ordered that Defendant's Request for Expert Witness Testimony be denied.

**I.      Background.**

In Defendant's Statement for Status Conference, which was filed on April 25, 2005, Defendant seeks expert discovery and the opportunity to designate additional liability and damage expert witnesses. At issue is a court-imposed deadline for expert designations of February 16, 1998. In compliance with the court's order, the parties designated their experts. Later, Defendant sought to escape the disclosure deadline to change or modify its expert designations.

On May 16, 2002, this court rejected Defendant's attempt to circumvent the prior designation deadline with respect to damages experts. Subsequently, Defendant again sought alternate methods of circumventing the previous deadline by moving to consolidate this matter with the related Yates litigation; by characterizing their experts as "summary" witnesses; and by using expert testimony in support of its motion *in limine* to exclude Plaintiffs' experts. In its previous attempts to designate additional

2

expert witnesses, Defendant focused on damage experts.  Defendant now seeks to designate an expert on the following *liability* issues:

1. Whether Defendant had a company-wide policy or practice of prospectively reducing the salaries of its pharmacists so frequently as to make salaries the functional equivalent of an hourly wage; and

2. If so, which opt-in plaintiffs were covered by that policy or practice and for what periods of time.

Plaintiffs contend that this request is untimely and should be denied.  Plaintiffs claim that Defendant has previously had, and actually has, designated an expert on liability issues;  therefore, Defendant's current request is superfluous.  Defendant disagrees.  It contends that this case has changed since the Tenth Circuit Court of Appeals' February 1, 2005, Order.  Specifically Defendant contends that until February 1, 2005, the Plaintiffs claimed that Defendant engaged in a company-wide practice or policy of prospectively reducing base hours and base pay for Defendant's interest.  Plaintiffs claim that this alleged practice or policy violated the "salary basis test" under the Fair Labor Standards Act.   After summary judgment on liability was entered, Defendant claims that the parties focused on damages rather than liability, obviating the need for a liability expert.

After the Tenth Circuit's February 1, 2005, Order, Defendant claims that the case is now a "new case."  The Tenth Circuit held that Defendant may make prospective salary adjustments.  However, the FLSA's salary basis test would be violated if the adjustments were made so frequently as to make the pharmacist's

salary a sham. The issue of Defendant's liability is, once again, ripe. Plaintiff now must show that Defendant's practice was a sham.[1]  Thus, Defendant argues, it should be permitted to designate additional experts to testify on liability and damages to counter the Plaintiffs' experts.

**II.     Analysis.**

The Tenth Circuit has held the District Court has broad discretion in its management and control of trials. ***Cleveland v. Piper Aircraft Corp.,*** 985 F.2d 1438 (10th Cir. 1993). This discretion should be balanced with "constitutional fairness so as not to prejudice the basic rights of the parties." ***Id.*** at 1449. When determining whether to allow the testimony of new witnesses, the district court should "consider whether denial of the new evidence would create a manifest injustice" and should "allow sufficient leeway for the parties to produce new evidence without undue

---

[1] Under the FLSA, an employer may not employ a person for more than 40 hours per week unless the employee receives overtime compensation of at least one-and-a-half times the regular hourly rate for hours exceeding forty. **29 U.S.C. § 207(a)(2)(c).**  However, the FLSA creates an exemption to its overtime requirement for people whose job functions satisfy a duties test and who are paid on a salary basis. The Tenth Circuit's decision addresses the second part of the two-part test: the salary-basis requirement. ***In re Wal-Mart Stores, Inc.,*** 395 F.3d 1177, 1178 (10th Cir. 2005). Plaintiffs contend that they were not paid on a salary basis because of Defendant's alleged practice of prospectively reducing their salaries when workloads decreased. The District Court agreed and granted summary judgment in favor of Plaintiffs. The Tenth Circuit reversed and remanded. It held that "an employer's practice of prospectively changing salaries does not convert salaried employees to hourly employees entitled to overtime rates unless the purported salary becomes a sham." ***Id.*** The case was remanded to determine whether Plaintiffs could prove that Defendant changed salaries so often that its full-time pharmacists essentially were paid an hourly rate. In other words, the case was remanded to determine if Plaintiffs could prove Defendant's salary structure was a sham.

4

prejudice to their interest." ***Id.***; ***see also, Moss v. Feldmeyer,*** 979 F.2d 1454 (10th Cir. 1992).

In the course of this litigation, Magistrate Judge Pringle imposed disclosure deadlines and limits as to experts. Plaintiffs' designations were due on or before January 15, 1998, and Defendant's designations were due on or before February 16, 1998. Each party was limited to three experts. Plaintiffs timely designated one expert– Jeffrey Opp. In response, Defendant designated three experts– James Martin, Stuart Fletcher, and Brad Johnson.

As for damages experts, at the May 16, 2002, hearing before Magistrate Judge Shaffer, four years after the expert designation deadlines, Defendant requested the opportunity to designate additional experts. The court awarded Defendant an opportunity to supplement their previous expert reports. Defendant did not provide or supplement an expert report for any of its previously designated witnesses. The court, however, precluded Defendant from designating entirely new experts "because that deadline has come and gone." **See May 16, 2002, Hearing Transcript.** Defendant filed its objections, claiming that its previously designated experts were only liability experts, not damages experts. Over these objections, Judge Weinshienk affirmed the Magistrate Judge's Minute Order and denied Defendant's attempt to designate additional damages experts. **See August 9, 2002, Order.**

As to liability experts, Defendant previously designated James Martin as an expert on liability issues and had the opportunity to supplement his previous report. Therefore, Defendant's present argument that it needs to designate an additional

5

liability expert in light of the Tenth Circuit's ruling is without merit.  Defendant is reminded that under **FED. R. Civ. P. 26(e),** it still may supplement its expert reports.

Further, without deciding the issue, it is unclear whether an expert is needed to assist the fact-finder in determining whether a "sham" exists.  Under **FED. R. Evid. 702,** expert testimony may be allowed "if scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a factual issue."  Defendant has failed to explain why a liability expert is needed to assist the trier of fact to determine this issue.   If an expert is required, Defendant can rely on its previously designated, liability expert witnesses, and, under **FED. R. 26(e),** can supplement their expert witness reports to specifically address the "sham" issue.

Based on the foregoing, the court finds and concludes that its previous rulings have provided Defendant with "sufficient leeway . . . to produce new evidence without undue prejudice."  *Cleveland,* 985 F.2d at 1450.  Therefore, denying Defendant's present request for additional expert witness designations will not create "manifest injustice."  *Id.*

Accordingly,

**IT IS ORDERED** that Defendant's Request for Expert Witness Testimony, which was made in Defendant's Statement for Status Conference [#n/a], filed April 25, 2005, **IS DENIED.**

**DATED** at Denver, Colorado, this 1st day of July, 2005.

BY THE COURT:

6

                                                              s/Craig B. Shaffer
                                                              Craig B. Shaffer
                                                              United States Magistrate Judge