IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Master Docket No. 96-cv-91139-ZLW-CBS

In re: WAL-MART STORES, INC., FAIR LABOR STANDARDS ACT LITIGATION – MDL 1139

_____

**Consolidated Civil Action No. 95-cv-01705-ZLW-CBS**

BILLY PRESLEY,
CINDY WACASTER, and
JERRY ARCHULETA, for and on behalf of themselves and other employees similarly situated,

    Plaintiffs,

v.

WAL-MART STORES, INC., a Delaware corporation,

    Defendant.
_____

**and consolidated Civil Action No. 95-cv-02050-ZLW-CBS**

MICHAEL FIORENZI,

    Plaintiff,

v.

WAL-MART STORES, INC., a Delaware Corporation,

    Defendant.
_____

**ORDER AND JUDGMENT OF DISMISSAL**
_____

Weinshienk, Senior District Judge.

On August 28, 2003, an Order Entering Final Judgment (Doc. No. 492) was filed by the Court, dismissing with prejudice all but Plaintiffs' Prospective Reduction claims.[1] The matter now before the Court is Defendant's Motion For Summary Judgment Or, In The Alternative, For Decertification (Doc. No. 582) as to these remaining claims. This motion was referred to Magistrate Judge Craig B. Shaffer pursuant to D.C.COLO.LCivR 72.1C. On July 25, 2006, the Magistrate Judge issued a Recommendation that summary judgment be entered in favor of Defendant and against Plaintiffs on the remaining claims.[2] Plaintiffs filed timely and specific objections to the Recommendation.

As required by 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the Court has reviewed de novo all portions of the Recommendation to which Plaintiffs have objected. For the reasons stated below, the Court overrules these objections and adopts the Recommendation in its entirety.

---

[1] The two consolidated cases, Presley and Fiorenzi, involve different parties. However, the cause of action in both cases is identical. The Court will refer to the consolidated plaintiffs as Plaintiffs and Wal-Mart Stores, Inc., as Defendant. There is a related but not consolidated case still pending in this Court, Yates v. Wal-Mart Stores, Inc., No. 97-cv-00257-ZLW-CBS, that is not involved in the present motion. See, e.g., Yates v. Wal-Mart Stores, Inc., 58 F. Supp. 2d 1217 (D. Colo. 1999).

[2] Recommendation Of United States Magistrate Judge (Jul. 25, 2006; Doc. No. 612) [hereinafter Recommendation].

2

## I. Introduction

Plaintiffs are pharmacists who were employed by Defendant Wal-Mart Stores, Inc. Plaintiffs allege violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219. At this stage of litigation only one issue remains unresolved: did Defendant's policy of prospectively reducing the base hours of Plaintiffs result in their becoming the functional equivalent of hourly employees, therefore requiring Defendant to pay overtime wages?[3]

Employees are exempt from FLSA maximum-hour and overtime requirements[4] if they are "professionals," a classification which is determined via a two-part test: 1) the employee must perform certain listed duties identified in the Department of Labor's (DOL) Regulations and 2) the employee must be paid on a "salary basis."[5] There is no dispute Plaintiffs satisfy the first part of the test[6] and that Defendant maintains a written compensation policy providing that pharmacists be paid on a salary basis.[7] Instead, Plaintiffs claim Defendant's "actual policy involved prospectively reducing full-time

---

[3] A more thorough background of this case can be found in the Recommendation, at 2-4, and In re Wal-Mart Stores, Inc. (Wal-Mart II), 395 F.3d 1177, 1179-80 (10th Cir. 2005).

[4] Employees who work more than forty hours a week are entitled to be compensated for this overtime "work at a rate not less than one and one-half times the regular rate at which [they are] employed." 29 U.S.C. § 207(a)(1).

[5] Wal-Mart II, 395 F.3d at 1180; 29 U.S.C. § 213(a)(1); 29 C.F.R. § 541.3(e) (2003); 29 C.F.R. § 541.118(a) (2003).

[6] Wal-Mart II, 395 F.3d at 1180.

[7] Id. at 1179.

pharmacists' base hours with a commensurate reduction in salary in response to sales declines, a policy . . . inconsistent with the [DOL] definition of salary."[8]  In other words, Plaintiffs claim Defendant's salary policy renders them hourly employees under the DOL's interpretation of the FLSA, thereby requiring Defendant to pay overtime wages for hours worked over forty in a week.

The United States Court of Appeals for the Tenth Circuit's decision in In re Wal-Mart Stores, Inc. (Wal-Mart II),[9] overturning this Court's previous order granting summary judgment to Plaintiffs (Wal-Mart I),[10] is the controlling law of this case.  Wal-Mart II is clear that for Plaintiffs to prevail on their remaining claims, Defendant's prospective salary adjustments[11] must be shown to be "so frequent as to make the salary the functional equivalent of an hourly wage," thereby rendering the "'salary' . . . a sham and deny[ing] the employer the FLSA exemption for professional employees" (hereinafter the sham exception).[12]  Defendant contends there are no material issues of fact as to the frequency of the prospective base hour adjustments and, as a matter of

---

[8] Id.

[9] Wal-Mart II, 395 F.3d 1177.

[10] In re Wal-Mart Stores, Inc. (Wal-Mart I), 58 F. Supp. 2d 1219 (D. Colo. 1999).

[11] "Prospective salary adjustments" refers to salary changes in "future pay periods" for which pay has not yet been set. Wal-Mart II, 395 F.3d at 1184.

[12] Id. at 1189.

law, the frequency of these changes do not rise to a sufficient level to invoke the sham exception.[13]

## II. Magistrate Judge's Legal Conclusions

The Court will discuss the Magistrate Judge's legal conclusions that are critical to resolving the merits of Defendant's motion.

Wal-Mart II provides guidance for determining the frequency of prospective salary changes acceptable under the DOL Regulations interpreting the FLSA by holding that the sham exception does not apply to Plaintiffs who experienced two or fewer changes.[14] The undisputed evidence shows more than ninety-eight percent of Plaintiffs experienced two or less prospective salary changes.[15] The Court agrees that this frequency of prospective changes is allowable under the DOL Regulations, that these Plaintiffs' salaries are not the "functional equivalent of an hourly wage," and summary judgment in favor of Defendant and against these Plaintiffs is appropriate.

The remaining two percent of Plaintiffs experienced either three or four prospective base hour adjustments.[16] These Plaintiffs' salaries were changed by Defendant over an extended period, averaging approximately four years and five

---

[13]The standard of review for summary judgment under Fed. R. Civ. P. 56 can be found in the Recommendation, at 4-5.

[14]See Recommendation, at 16-20; Wal-Mart II, 395 F.3d at 1186-89.

[15]Recommendation, at 15-16.

[16]Id. at 16.

months.  The minimum length of time between changes for any individual Plaintiff was six weeks, which one person experienced.[17]  The average time frame between these changes was over seven months for Plaintiffs experiencing three changes and over ten months for Plaintiffs experiencing four changes.[18]  Thus, on average these two percent of Plaintiffs experienced salary adjustments only once or twice a year.

Yearly adjustments have been determined by the DOL to be an acceptable practice for businesses to deal with changing market conditions.[19]  Therefore, Defendant could make two prospective salary changes a year and still be within acceptable DOL guidelines.  It follows logically that over four and a half years, nine salary changes would be acceptable.  Here, no Plaintiff has experienced this level of modification.  The maximum of four changes over four years is a far cry from the cases used in Wal-Mart II to illustrate the sham exception in which employees' salaries were prospectively changed *every pay period*.[20]  The Magistrate Judge is correct that no

---

[17] Def.'s Mot. for Summ. J., Ex. A, at 5.

[18] Id. at 5-6.

[19] See U.S. Department of Labor, Wage and Hour Opinion Letter dated November 13, 1970, 1970 WL 26462 (yearly temporary salary adjustment, lasting five weeks, deemed acceptable under the DOL Regulations); Wal-Mart II, 395 F.3d at 1189 ("an employer may prospectively make changes in salary with a like adjustment in scheduled hours to accommodate its business needs"); U.S. Department of Labor, Wage and Hour Opinion Letter dated February 23, 1998 (1998 Wage Opinion), 1998 WL 852696, at 2 ("a fixed reduction of salary effective during a period when a company operates a shortened workweek due to economic conditions would be a bona fide reduction not designed to circumvent the salary basis payment").

[20] Wal-Mart II, 395 F.3d at 1188-89; see Caperci v. Rite Aid Corp., 43 F. Supp. 2d 83, 97 at n.14 (D. Mass. 1999) (a salary changed weekly would invoke the sham exception); Bongat v. Fairview Nursing Ctr., Inc., 341 F. Supp. 2d 181 (E.D.N.Y. 2004) (salary changed weekly invoked the sham exception); Thomas v. County of Fairfax, 758 F. Supp. 353, 356-57 (E.D. Va. 1991) (salary changed biweekly invoked the sham exception).

6

reasonable jury could find Defendant's prospective salary changes either "too common"[21] or "a pervasive manipulation"[22] sufficient to classify these Plaintiffs as hourly employees under the sham exception.  The Court determines that these Plaintiffs' salaries are not the functional equivalent of an hourly wage, and summary judgment in favor of Defendant and against these Plaintiffs is appropriate.

### III. Objections to Recommendation

Plaintiffs identify eight areas where they allege the Magistrate Judge erred in his Recommendation.  None of these objections have merit.

*1. Disregard of Court's Previous "Widespread" Finding*

Plaintiffs first argue the Magistrate Judge disregarded the previous findings of this Court in Wal-Mart I that Defendant's "practice" of prospective salary changes was "widespread."[23]  The Court finds no language in the Recommendation, and Plaintiffs point to no specific phrases, to indicate the Magistrate Judge disregarded these previous findings.  Instead, the Magistrate Judge *agreed* that prospective salary

---

[21]Wal-Mart II, 395 F.3d at 1186.

[22]Id. at 1188.

[23]See Wal-Mart I, 58 F. Supp. 2d at 1222 ("there is no genuine issue of material fact that defendants engaged in a practice or policy of reducing base hours and base pay for the company's own interest"); Recommendation Of United States Magistrate Judge Bruce D. Pringle, at 18 (Doc. No. 142; Sep. 17, 1998) ("the Court finds and concludes that these reductions in base hours, and consequent decreases in pay of full-time pharmacists, were sufficiently widespread and . . . constitute[d] a practice or policy") (Recommendation adopted by Court in Wal-Mart I).

changes were "widespread" as he found that 19.68 percent of Plaintiffs experienced such changes.[24]  Any action affecting almost twenty percent of a large group[25] is properly labeled as "widespread," as opposed to either "sporadic" or "occasional."

However, the remaining issue in this case is whether any *single employee's* prospective base hour adjustments reached the level invoking the sham exception. Whether this Court in the past has labeled the *totality* of Defendant's activity towards all Plaintiffs as "widespread" is not determinative as to whether Defendant's activity was so widespread with respect to any *single employee* that their salary became the functional equivalent of an hourly wage.  Reliance on this Court's general characterization of Defendant's activity is insufficient to create a material issue of fact.

### *2. Disregard of Court's Previous Conclusions as to Thomas*

Plaintiffs next object to the Magistrate Judge's alleged disregard of conclusions previously made by this Court in Wal-Mart I as to the factual similarities between this case and Thomas v. County of Fairfax.[26]  Previously, this Court referred to Thomas as having "similar facts" and noted that court found "employees were not exempt from the FLSA when the employer set schedules prospectively."[27]  Relying on Thomas, this

---

[24] Recommendation, at 15-16.

[25] Defendant's expert reported 577 members of the Presley collective action while Plaintiff's expert reported there are 950 members if Yates is also included. Id. at 15.

[26] Thomas, 758 F. Supp. 353.

[27] Wal-Mart I, 58 F. Supp. 2d at 1221.

8

Court concluded that "employers who prospectively change the quantity of work and payment for work may be liable under the FLSA."[28]  Subsequently, Wal-Mart II clarified that prospective salary changes are an acceptable practice by default, and it is only when the conduct rises to the level of the sham exception that an employee becomes non-exempt under the FLSA.

Relying on prior legal conclusions of this Court, without recognition that the Tenth Circuit subsequently clarified and expanded those conclusions, is inappropriate. The Magistrate Judge was correct in re-analyzing the case in light of Wal-Mart II, and his conclusions distinguishing the facts in Thomas from the present case were appropriate.

### 3. Reliance on Dicta

Plaintiffs allege the Magistrate Judge improperly relied on dicta in Wal-Mart II which states that Defendant "rarely reduced salaries of full-time pharmacists."[29] However, Plaintiffs identify no specific language in the Recommendation indicating the Magistrate Judge relied on this statement.  Instead, the Magistrate Judge refers to this statement as an "observation" and proceeds to explain, upon review of the evidence provided by the Plaintiffs, that this observation has not been shown to be materially

---

[28] Id.

[29] Wal-Mart II, 395 F.3d at 1189.

9

incorrect.[30]  The Recommendation shows a thorough, independent analysis of the evidence was performed by the Magistrate Judge to reach his conclusions.  Simply because the Magistrate Judge agreed with the Tenth Circuit's conclusions in no way indicates he "relied" on the dicta.

### *4. "Ambiguous" Evidence*

Plaintiffs object that the Magistrate Judge's dismissal of Plaintiffs' evidence regarding prospective base hour changes as "ambiguous" was improper.  Plaintiffs argue they have produced evidence that *could* be interpreted as *possibly* being linked to the adjustments and fluctuations in the base hour changes.  To the extent evidence can be interpreted as ambiguous on summary judgment, Plaintiffs argue these ambiguities must be resolved in their favor.

The Magistrate Judge was correct in requiring more than mere argument as to how the evidence could be interpreted.  Instead, he required specific facts linking Plaintiffs' evidence to the issue of prospective base hour changes.[31]  The

---

[30]Recommendation, at 9.

[31]See Lujan v. National Wildlife Federation, 497 U.S. 871, 889 (1990) (for summary judgment motion, court only required to "resolve any factual issues of controversy in favor of the non-moving party . . . where the facts specifically averred by that party contradict facts specifically averred by the movant"); Panis v. Mission Hills Bank, N.A., 60 F.3d 1486, 1490 (10th Cir. 1995) (the "nonmoving party may not rest upon . . . mere allegations") (quotations omitted); Roska v. Peterson, 328 F.3d 1230, 1246 n.13 (10th Cir. 2003) (judges should "not search the record in an effort to determine whether there exists dormant evidence which might require submission of the case to a jury") (quotations omitted); U.S. v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991) ("[j]udges are not like pigs, hunting for truffles buried in briefs").

Recommendation relied heavily on summaries prepared by both parties' experts concerning the frequency of prospective base hour adjustments. These summaries incorporate many of the conclusions Plaintiffs ask to be drawn from their proffered evidence.

To the extent Defendant's summary does not accurately reflect the evidence,[32] it was Plaintiffs' responsibility to identify specific evidence in the record disputing those conclusions that would create a triable issue of fact.[33] The Court agrees that Plaintiffs did not provide sufficient evidence to meet their burden.

### 5. Evidence that the Sham Exception Should be Applied

Next, Plaintiffs claim that sufficient evidence exists to create a genuine issue of material fact as to whether the sham exception should be applied. Specifically, Plaintiffs argue that their pharmacist affidavits, payroll history reports, and district manager depositions produce a material issue of fact sufficient to defeat summary judgment. To the extent Plaintiffs' evidence addresses prospective salary changes and

---

[32] Plaintiffs' summary of the employment data "correspond[s] closely" with Defendant's version. Recommendation, at 16 n.15. While the two summaries contain some minor variations, Defendant's version *strengthens* Plaintiffs' position (i.e., Defendant reported two employees experiencing four prospective base hour adjustments, while Plaintiffs reported none). Id. The Magistrate Judge was correct to rely on Defendant's summary since it presented the evidence in the light most favorable to Plaintiffs, the nonmoving party. See Lujan, 497 U.S. at 889.

[33] "The moving party bears the initial burden of showing that there is an absence of any issue of material fact. Once the moving party meets its burden, the burden shifts to the nonmoving party to demonstrate that there are genuine issues for trial." Vitkus v. Beatrice Co., 11 F.3d 1535, 1539 (10th Cir. 1993) (citations omitted). It was Plaintiff's burden to "present specific facts, by reference to specific exhibits in the record, to overcome [a] motion for summary judgment." Mitchell v. City of Moore, 218 F.3d 1190, 1199 (10th Cir. 2000).

not collateral issues, this evidence was incorporated by the parties' experts in their reports. As previously discussed, Plaintiffs have not demonstrated the content of these summaries is incorrect. The information contained in the summaries is sufficient to determine whether the prospective base hour changes reached a level where the sham exception may reasonably be found. Since the frequency of Plaintiffs' prospective salary changes fell short of a level needed to invoke the sham exception, the Magistrate Judge's conclusion that Plaintiffs' other evidence did not create a genuine issue of material fact is appropriate.

### 6. *Auer Analysis*

Plaintiffs argue the Magistrate Judge erred by failing to consider the Supreme Court's dictate in Auer v. Robbins[34] that if employees are covered by a policy that permits improper salary reductions "as a practical matter," the salary-basis professional exemption should be denied.[35] However, the Tenth Circuit in Wal-Mart II already performed the necessary Auer analysis when holding that prospective salary adjustments that do not rise to the level of the sham exception are not "improper reductions," as defined by the DOL through its Opinion Letters.[36] Thus, there was no need for the Magistrate Judge to perform a separate Auer analysis.

---

[34] Auer v. Robbins, 519 U.S. 452 (1996).

[35] Id. at 461-62.

[36] See Wal-Mart II, 395 F.3d at 1182, 1184-86.

### *7. "Seasonal" Changes*

Plaintiffs object to the Magistrate Judge's conclusion that "seasonal" changes are permissible under the DOL's interpretation of the regulations. As previously discussed, the *labeling* of salary changes is not relevant; rather, it is the *frequency* of the changes that determines if the salary arrangement is a sham. Regardless, both Wal-Mart II and the DOL Opinion Letters indicate that seasonal changes are an acceptable practice.[37]

### *8. Changes Within Current Pay Period*

Plaintiffs' final objection is that they never intended their previous stipulations dismissing all other claims in this case to forgo their potential recovery for prospective salary adjustments during a pay period. However, it is clear from the record that Plaintiffs' only remaining claim is based on Defendant's prospective reduction of base hours in response to changing business conditions.[38] Since the term "prospective" was determined to mean changes involving future pay periods, not during the current pay period, the Magistrate Judge's analysis of solely prospective changes was correct.[39]

---

[37] See, e.g., 1998 Wage Opinion, 1998 WL 852696, at 2; Wal-Mart II, 395 F.3d at 1186.

[38] See Order Entering Final Judgment, at 2 (Doc. No. 492; Aug. 28, 2003) ("[f]inal judgment is hereby entered dismissing with prejudice *all* of the claims asserted by the . . . Plaintiffs against Wal-Mart . . . *except* for the . . . Plaintiffs' Prospective Reduction Claims") (emphasis added).

[39] Wal-Mart II, 395 F.3d at 1184.

### IV. Conclusion

After reviewing the evidence, objections, Defendant's response, and applicable case law, the Court is satisfied that the Magistrate Judge's Recommendation is thorough, thoughtful, and correct.  Therefore, the Recommendation of the Magistrate Judge (Doc. No. 612) is accepted and adopted.  Accordingly, it is

ORDERED that Plaintiffs' Objections To Recommendation Of U.S. Magistrate Judge (Doc. No. 616) are overruled.  It is

FURTHER ORDERED that Defendant's Motion For Summary Judgment . . . (Doc. No. 582) is granted.  It is

FURTHER ORDERED that final judgment is hereby entered in favor of Defendant and against Plaintiffs for dismissal of the remaining claims with prejudice.  It is

FURTHER ORDERED that Defendant's Motion . . . In The Alternative, For Decertification is moot.  It is

FURTHER ORDERED that the complaints and consolidated causes of action in civil cases numbered 95-cv-01705-ZLW-CBS and 95-cv-02050-ZLW-CBS are dismissed.

DATED at Denver, Colorado, this  23  day of January, 2007.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court