IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Master Docket No. 96-cv-91139-ZLW-CBS

In re: WAL-MART STORES, INC., FAIR LABOR STANDARDS ACT LITIGATION – MDL 1139

_____

**Consolidated Civil Action No. 95-cv-01705-ZLW-CBS**

BILLY PRESLEY,
CINDY WACASTER, and
JERRY ARCHULETA, for and on behalf of themselves and other employees similarly situated,

    Plaintiffs,

v.

WAL-MART STORES, INC., a Delaware corporation,

    Defendant.

_____

**and consolidated Civil Action No. 95-cv-02050-ZLW-CBS**

MICHAEL FIORENZI,

    Plaintiff,

v.

WAL-MART STORES, INC., a Delaware Corporation,

    Defendant.

_____

**ORDER**

_____

This matter comes before the Court on Defendant's Proposed Bill Of Costs (Doc. No. 634) and Plaintiffs' Objection To Proposed Bill Of Costs For Procedural Defects (Doc. No. 637).

Fed. R. Civ. P. 54(d)(1) states that "costs other than attorneys' fees shall be allowed as of course to the prevailing party *unless the court otherwise directs*."[1]  This Rule creates a presumption that costs will be awarded to the prevailing party.[2] However, a district court may decline to award costs as long as it provides valid reasons for doing so.[3]

Plaintiffs had an arguable and meritorious case.  This Court previously determined that Defendant's alleged improper activities were widespread and constituted a cognizable practice or policy.[4]  It was not until the United States Court of Appeals for the Tenth Circuit announced its decision that the legal precedents ultimately used to decide this case became clear.[5]

---

[1] Fed. R. Civ. P. 54(d)(1) (emphasis added).

[2] Cantrell v. Int'l Bhd. of Elec. Workers, 69 F.3d 456, 458-59 (10th Cir. 1995).

[3] Id. at 459; see also Serna v. Manzano, 616 F.2d 1165, 1167 (10th Cir. 1980) (a district court's "determination of [costs] will not be overturned on appeal unless there has been an abuse of . . . discretion").

[4] Order Of Judgment And Dismissal, at 7 (Doc. No. 625; Jan. 23, 2007); In re Wal-Mart Stores, Inc., 58 F. Supp. 2d 1219, 1222 (D. Colo. 1999).

[5] See In re Wal-Mart Stores, Inc., 395 F.3d 1177 (10th Cir. 2005).

The Tenth Circuit has indicated that denial of costs in cases that involve "issues [that] are close and difficult" is not an abuse of discretion.[6] The present case involved issues that were both close and difficult as the interpretation of the relevant law was unclear at the time this action was commenced. Accordingly, the fair and just award here would be to let each side pay its own costs. Therefore, it is

ORDERED that the parties shall pay their own costs. It is

FURTHER ORDERED that Defendant's Proposed Bill Of Costs (Doc. No. 634) is denied. It is

FURTHER ORDERED that Plaintiffs' Objection To Proposed Bill Of Costs For Procedural Defects (Doc. No. 637) is denied as moot.

DATED at Denver, Colorado, this __21__ day of February, 2007.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

---

[6] Cantrell, 69 F.3d at 459 (citing White & White, Inc. v. Am. Hosp. Supply Co., 786 F.2d 728, 730 (6th Cir. 1986)); AeroTech, Inc. v. Estes, 110 F.3d 1523, 1526 (10th Cir. 1997).