IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Master Docket No. 96-cv-91139-ZLW-CBS
In Re: Wal-Mart Stores, Inc. Fair Labor Standards Act Litigation -- MDL 1129

*consolidated Civil Action No. 95-cv-01705-ZLW-CBS*

BILLY PRESLEY, et al.,
    Plaintiffs,
v.

WAL-MART STORES, INC., a Delaware corporation,
    Defendant.

*and consolidated Civil Action No. 95-cv-02050-ZLW-CBS*

MICHAEL FIORENZI,
    Plaintiff,
v.

WAL-MART STORES, INC., et al.,
    Defendants.

## RECOMMENDATION REGARDING PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEY FEES AND RELATED NON-TAXABLE EXPENSES

Magistrate Judge Craig B. Shaffer

    THIS MATTER comes before the court on Plaintiffs' Motion and Memorandum in Support of Motion for an Award of Attorney Fees and Related Non-Taxable Expenses (doc. # 643), filed on March 6, 2007.  This motion seeks a threshold ruling that Plaintiffs are eligible to receive attorneys fees and expenses pursuant to 28 U.S.C. § 216(b), with the actual amounts of those fees and expenses to be determined at a future evidentiary hearing.  Defendants Wal-Mart Stores, Inc. and Kurt Barry (hereinafter "Wal-Mart") filed a Brief in Opposition to Plaintiffs'

1

Motion for an Award of Attorney's Fees and Expenses on March 29, 2007. Plaintiffs' Reply Brief was filed on April 16, 2007.

On April 11, 2007, the District Court referred the pending motion to this Magistrate Judge.[1] The court entertained oral argument during a hearing on July 18, 2007. The court has reviewed the instant motion and related briefs, the entire case file, the applicable law, and the arguments of counsel presented during the July 18th hearing, and is sufficiently advised in the premises. For the reasons discussed below, the court submits the following Recommendation.

## PROCEDURAL HISTORY

These two consolidated cases arose under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. Plaintiffs were pharmacists previously or currently employed fulltime by Defendant Wal-Mart Stores, Inc. This litigation commenced in 1995, when two FLSA collective actions were filed, one in federal court (*Fiorenzi v. Wal-Mart Stores, Inc.,* Civil Action No. 95-cv-02050) and one in state court (*Presley v. Wal-Mart Stores, Inc.*). The *Presley* case was removed to the United States District Court for the District of Colorado (*Presley v. Wal-Mart Stores, Inc.*, Civil Action No. 95-cv-01705) and later consolidated with *Fiorenzi*.

Plaintiffs alleged that between August 1993 and August 1996, Wal-Mart violated the FLSA by failing to pay overtime compensation when Plaintiffs worked more than forty hours per week. Plaintiffs argued that they were entitled to this overtime compensation because, under the

---

[1] While Plaintiffs' motion does not purport to seek dispositive relief, the formal label of a motion is not determinative for purposes of 28 U.S.C. § 636(b)(1)(A). Given the nature of the relief sought, the court will treat the instant motion as dispositive in its effect. *Cf. Insurance Co. of North America v. Bath,* 968 F.2d 20 (10th Cir. 1992) (motion for attorney's fees, even if post-judgment, should be considered dispositive); *Easiley v. Norris*, 107 F. Supp.2d 1332, 1333 (N.D. Okla. 2000) (for purposes of referral to a magistrate judge, a motion for attorney's fees should be considered dispositive).

2

salary-basis test, they were hourly rather than salaried employees. Defendants countered that Plaintiffs were salaried professionals and, accordingly, fell within the professional exemption to the FLSA's overtime pay requirement.

Originally, Plaintiffs claimed that Wal-Mart violated the FLSA's salary-basis test by (1) "partially docking" pharmacists' salaries when they were absent for part of a day, and (2) prospectively adjusting pharmacists' base hours – and concomitantly their salaries – in response to slow business conditions. In 1999, the District Court granted summary judgment on this second element of Plaintiffs' claim, finding that Wal-Mart had prospectively adjusted pharmacists' base hours in response to slowing pharmacy sales. *In re Wal-Mart Stores, Inc.*, 58 F. Supp. 2d 1219 (D. Colo. 1999), *rev'd*, 395 F.3d 1177 (10th Cir. 2005). The District Court held that Wal-Mart's prospective base hour adjustments violated the salary-basis test and that consequently the FLSA's professional exemption to the overtime compensation requirement did not apply. *Id.* The District Court also granted Plaintiffs' Motion for Approval of Collective Action. *Id.*

Before the case reached trial on the issue of partial-day docking, the parties entered into an agreement whereby Plaintiffs dismissed all claims except the claim for prospective base hour adjustments. *See* Amended Joint Motion for an Order Entering Final Judgment (doc. # 491). Accordingly, the District Court entered final judgment dismissing with prejudice all claims asserted against Defendants except that of the prospective base hour adjustments. *See* Order Entering Final Judgment, August 28, 2003 (doc. # 492).

In 2005, the Tenth Circuit reversed the District Court's ruling on prospective base hour adjustments, holding that under the Department of Labor's controlling interpretation of the FLSA,

3

"an employer may prospectively reduce salary to accommodate the employer's business needs unless it is done with such frequency that the salary is the functional equivalent of [] hourly wage[s]." *In re Wal-Mart Stores, Inc.*, 395 F.3d 1177, 1184 (10th Cir. 2005). Having found that Plaintiffs did not meet the threshold required for summary judgment, the Tenth Circuit remanded the case for further factual determinations about whether Wal-Mart's prospective base hour adjustments rendered the employees' salaries the functional equivalent of hourly wages. *Id.* at 1180.

On March 8, 2006, Defendant Wal-Mart moved for summary judgment, arguing that under the standard articulated by the Tenth Circuit, Plaintiffs never experienced impermissibly frequent prospective base hour adjustments so as to render their salaries the functional equivalent of hourly wages. In the alternative, Wal-Mart argued that Plaintiffs' collective action should be decertified. This court issued a Recommendation on July 25, 2006, finding that "Plaintiffs' evidence clearly showing prospective base hour adjustments to pharmacists' schedules does not show that such adjustments occurred frequently enough to render the salaries a 'sham' or the functional equivalent of hourly wages under the standard articulated by the Tenth Circuit in *In re Wal-Mart Stores, Inc.*" *See* Recommendation of United States Magistrate Judge (doc. # 612), at p. 28. Based upon Plaintiffs' failure to establish a genuine issue of material fact with respect to the question of frequent prospective base hour adjustments, I recommended that Defendant's Motion for Summary Judgment (doc. # 582) be granted.

On January 23, 2007, over Plaintiffs' objections, the District Court adopted the Magistrate Judge's Recommendation in its entirety. The District Court concluded that Plaintiffs' salaries were not the equivalent of an hourly wage and that summary judgment in favor of Wal-mart and

4

against these Plaintiffs was appropriate.

## ANALYSIS

In moving for an award of fees and expenses pursuant to 28 U.S.C. § 216(b), Plaintiffs contend that they "may be considered 'prevailing parties' for attorney fees purposes because they succeeded on a significant issue in this litigation which achieved some of the benefit they sought in bringing this suit." *See* Plaintiffs' Motion and Memorandum, at p. 8. In support of this position, Plaintiffs cite Wal-Mart's decision in December 1996 to pay out over $2,145,000 to more than 4,600 former and current Wal-Mart pharmacists in an attempt to remedy violations of the FLSA, and Wal-Mart's decision in August 1996 to install a new computer system to insure that pharmacists were properly paid pursuant to their compensation agreements. Plaintiffs maintain that the instant lawsuit prompted Wal-Mart to take these corrective measures. Plaintiffs further suggest that they are "prevailing parties" because a negotiated settlement between the parties facilitated an appeal to the Tenth Circuit, thereby saving the expense and time associated with a lengthy trial. *See* Plaintiffs' Motion and Memorandum, at p. 10. After careful consideration, I conclude that Plaintiffs' request for fees and expenses is not supported by the FLSA, controlling case law, or the particular facts of this case.

In addressing the merits of Plaintiffs' claim for attorneys fees under § 216, I start with the statutory language itself. *Cf. United States v. LaBonte*, 520 U.S. 751, 757 (1997) (in construing statutory language, courts "do not start from the premise that this language is imprecise," but rather should assume that "Congress said what it meant"). *See also Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 260 (1975) (observing that Congress had not conferred "roving authority to the Judiciary to allow counsel fees as costs or otherwise whenever the court

might deem them warranted"). Section 216(b) provides that in any private action brought under the FLSA, the court "shall, *in addition to any judgment awarded to the plaintiff or plaintiffs*, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b) (emphasis added). Section 216(b) does not explicitly incorporate a "prevailing party" test. *See Hackwell v. United States*, __ F.3d __, 2007 WL 1935621, *9 (10th Cir. 2007) (finding unpersuasive the defendant's attempt to interpret one fee-shifting provision "by reference to another statute's completely different language"). Rather, the FLSA expressly conditions an award of fees and costs upon entry of judgment, or its judicially-imposed equivalent, in favor of the plaintiff. *See* Fed.R.Civ.P. 54(a) (the term "judgment" includes a decree and any order from which an appeal lies); *United States v. Homestake Mining Co.*, 595 F.2d 421, 425 (8th Cir. 1979) (holding that a "consent decree is a judicial act and 'possesses the same force and character as a judgment rendered following a contested trial'").

The plain language of § 216(b) does not give the court the exceptional latitude that would be necessary to grant the instant motion. *Compare Center for Biological Diversity v. Norton*, 262 F.3d 1077, 108 n. 2 (10th Cir. 2001) (suggesting that the Supreme Court's decision in *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 532 U.S. 598, 604 (2001) might not be applicable to the citizen-suit provision of the Endangered Species Act which does not refer to a "prevailing party," but rather permits the court to award costs of litigation and reasonable attorney fees "to any party, whenever the court determines such award is appropriate"). Indeed, Plaintiffs' request must fail under the explicit terms of § 216(b). On August 28, 2003, the District Court issued an Order Entering Final Judgment (doc. # 492), dismissing with prejudice all but Plaintiffs' prospective reduction claims.

On January 23, 2007, the District Court entered an Order and Judgment of Dismissal (doc. # 625) in favor of Defendant Wal-Mart and dismissing with prejudice all of Plaintiffs' remaining claims with prejudice. No consent judgment in favor of Plaintiffs has ever been entered in this consolidated action.

Unable to satisfy the literal requirements of § 216(b), Plaintiffs suggest that they qualify as "prevailing parties" under an expansive application of the standard established in *Buckhannon*, 532 U.S. at 604. In that case, the United States Supreme Court addressed fee-shifting provisions in the Fair Housing Amendments Act (FHAA) and Americans with Disabilities Act (ADA) which state that the trial court "in its discretion, may allow the prevailing party . . . a reasonable attorney's fees, including litigation expenses, and costs." *See* 42 U.S.C. § 3613(c) and § 12205.[2] The Supreme Court held that to qualify for an award of attorney's fees as a "prevailing party under the FHAA and ADA", as well as other statutes with nearly identical fee-shifting provisions, there must be a "material alteration of the legal relationship of the parties.'" *Buckhannon,* 532 U.S. at 604.

> In addition to judgments on the merits, we have held that settlement agreements enforced through a consent decree may serve as the basis for an award of attorney's fees. Although a consent decree does not always include an admission of liability by the defendant, it nonetheless is a court-ordered "chang[e] [in] the legal relationship between [the plaintiff] and the defendant."

*Id.* (quoting *Texas State Teachers Assn v. Garland Independent School District*, 489 U.S. 782, 792 (1989)). As previously noted, Plaintiffs have not obtained a favorable final judgment on the

---

[2]It bears repeating that the FLSA does not employ a "prevailing party" standard in 216(a). *See Sole v. T.A. Wyner*, ___ U.S. ___, 127 S.Ct. 2188, 2194 (2007) ("[t]he touchstone of the 'prevailing party' inquiry . . . is 'the material alteration of the legal relationship of the parties in a manner which Congress sought to promote *in the fee statute*'") (emphasis added).

merits in these consolidated cases or a judicially-enforceable consent decree.

      Plaintiffs' motion concedes that the decision in *Buckhannon* specifically declined to endorse the "catalyst theory," under which a litigant claims "prevailing party" status because their lawsuit brought about a voluntary change in the defendant's conduct.

> A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change.  Our precedents thus counsel against holding that the term "prevailing party" authorizes an award of attorney's fees *without* a corresponding alteration in the legal relationship of the parties.

*Id.* at 605.  Similarly, the Tenth Circuit in an unpublished decision in *Scherer v. United States*, 88 Fed. Appx. 316 (10th Cir. 2004), acknowledged that the "catalyst theory" was not a viable basis for recovery under federal statutes that permit an award of fees and costs to the "prevailing party."  *See also Karsaev v. Chertoff*, 2006 WL 3751440 (D. Colo. 2006) (acknowledging that "prevailing party" status does not extend to parties who achieve the desired result of their lawsuit based solely upon a voluntary change in a party's conduct); *RHN Corp. v. Box Elder County*, 416 F. Supp.2d 1254, 1261 (D. Utah 2006) (noting that the Supreme Court "has explicitly denigrated the 'catalyst theory'").

      Notwithstanding the Supreme Court's explicit rejection of the "catalyst theory" in *Buckhannon*, Plaintiffs implicitly invoke that theory by citing what they describe as "the unique and cumulative facts of the present matter."  In that regard, Plaintiffs point to certain corrective measures undertaken by Wal-Mart, including installation of a new computer program and cash payments to numerous former and current Wal-Mart pharmacists.  As for the latter payments, Wal-Mart contends that it was acting pursuant to 29 C.F.R. § 541.118(a)(6), which permits an employer to reimburse an employee for certain deductions from their salary.  According to Wal-

Mart, these "window of correction" payments were entirely voluntary and were not made as a result of any court order.[3] *Cf. Arrington v. City of Macon*, 991 F. Supp. 1474, 1475-76 (M.D. Ga. 1998) (in pre-*Buckhannon* decision under the FLSA, held that plaintiffs did not qualify as "prevailing parties" based upon defendant's utilization of the "window of correction"). *See also Alston v. District of Columbia*, 2006 WL 752938 (D.D.C. 2006) (held that defendant's voluntary payment of fees after the commencement of a lawsuit would not accord the plaintiff "prevailing party" status and support an award of attorneys fees by the court).

Similarly, Wal-Mart's decision to implement a new computer program, even after this instant action was commenced, will not provide a basis for awarding attorney's fees. *Cf. Bailey v. Mississippi*, 407 F.3d 684 (5th Cir. 2005) (in vacating the trial court's award of attorneys fees under § 1988, held that plaintiffs could not claim "prevailing party" status simply because the district attorney's office had voluntarily changed its internal policies). Although Plaintiffs suggest that their consolidated lawsuits compelled Wal-Mart to take certain corrective measures that had the practical effect of conferring benefits on former and current pharmacists, this court cannot award attorneys fees by attempting to interpret a defendant's motivations. *Cf. Oil, Chemical and Atomic Workers International Union v. Department of Energy*, 288 F.3d 452, 459 (D.C. Cir. 2002) (observing that *Buckhannon* "clearly instructs" that the trial court should not analyze "the defendant's subjective motivations in changing its conduct"). *See also Bravos v. E.P.A.*, 324 F.3d 1166, 1171 (10th Cir. 2003) (holding that the catalyst theory does not permit recovery of

---

[3]The District Court ultimately held that Wal-Mart could not assert a "corrective action" defense because the salary deductions at issue were not inadvertent. *See* Memorandum and Order (doc. # 174), dated August 2, 1999. That ruling, however, does not change the fact that Wal-Mart's payments were not the result of any court order or court-approved consent decree.

attorneys fees and costs where the defendant's actions were discretionary and not a legally mandated response to plaintiff's lawsuit).

As an argument of last resort, Plaintiffs suggest that they are entitled to "prevailing party" status based upon the 2003 settlement under which the District Court entered judgment in favor of Plaintiffs as to their "prospective reduction claims" and dismissed with prejudice all other claims brought in these consolidated actions. Plaintiffs argue that this settlement achieved a benefit for the collective action members by accelerating the process of appellate review and saving "the enormous expenses" and "time necessarily expended by the collective action members and representatives witnesses in connection with a trial."

This argument necessarily ignores the Tenth Circuit's reversal and the judgment ultimately entered in favor of Defendants. Whatever transitory success Plaintiffs may have enjoyed with the 2003 settlement and contemporaneous favorable judgment was completely undone by the Tenth Circuit's decision. That reversal and the subsequent judgment entered by the District Court in favor of Defendants on January 23, 2007 preclude Plaintiffs' request for attorney fees and expenses. *Cf. Center for Legal Advocacy v. Earnest*, 320 F.3d 1107, 1112 (10th Cir. 2003) (where a grant of summary judgment is reversed on appeal, appellees are not longer considered the prevailing party on that motion and an award of fees and costs must also be reversed); *Ballard v. Muskogee Regional Medical Center*, 238 F.3d 1250, 1254 (10th Cir. 2001) (holding that where a judgment in favor of plaintiff is reversed on appeal, the court must also reverse an award of attorney fees to plaintiff). *See also Federation of Advertising Industry Representatives, Inc. v. City of Chicago*, 326 F.3d 924, 993 (7th Cir. 2003) (in rejecting plaintiff's attempt to avoid the application of *Buckhannon*, held that obtaining a favorable judgment that is reversed on

appeal does not entitle a plaintiff to prevailing-party status).

## CONCLUSION

Accordingly, for the foregoing reasons, I RECOMMEND that Plaintiffs' Motion for an Award of Attorney Fees and Related Non-Taxable Expenses (doc. # 643), filed on March 6, 2007, be DENIED.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).

The District Judge shall make a *de novo* determination of those specific portions of the proposed findings or recommendations to which specific objection is made. 28 U.S.C. § 636(b)(1). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. *See In re Griego*, 64 F.3d at 583; *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). The District Judge may accept, reject, or modify, in whole or in part, the recommendations or findings made by the Magistrate Judge. 28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *One Parcel of Real Property*, 73 F.3d at 1060. Failure to make timely objections may

bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED this 17th day of September, 2007.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge