IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Master Docket No. 96-cv-91139-ZLW-CBS

In re: WAL-MART STORES, INC., FAIR LABOR STANDARDS ACT LITIGATION – MDL 1139

_____

**Consolidated Civil Action No. 95-cv-01705-ZLW-CBS**

BILLY PRESLEY,
CINDY WACASTER, and
JERRY ARCHULETA, for and on behalf of themselves and other employees similarly situated,

    Plaintiffs,

v.

WAL-MART STORES, INC., a Delaware corporation,

    Defendant.
_____

**and consolidated Civil Action No. 95-cv-02050-ZLW-CBS**

MICHAEL FIORENZI,

    Plaintiff,

v.

WAL-MART STORES, INC., a Delaware Corporation,

    Defendant.
_____

ORDER
_____

The matter before the Court is Plaintiffs' Motion For An Award Of Attorney Fees And Related Non-Taxable Expenses (Doc. No. 643) [hereinafter Motion]. The Motion was referred to Magistrate Judge Craig B. Shaffer pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). On September 17, 2007, the Magistrate Judge issued a Recommendation that Plaintiffs' Motion be denied.[1] Plaintiffs filed timely and specific objections to the Recommendation.

The Court has reviewed de novo all portions of the Recommendation to which Plaintiffs have objected.[2] For the reasons stated below, the Court modifies the Recommendation in part, but accepts and adopts the Magistrate Judge's conclusion that the Motion should be denied.

The present case involved alleged violations of the Fair Labor Standards Act (FLSA).[3] All claims have been resolved as of this Court's Order dated January 23, 2007.[4]

Plaintiffs claim they are a "prevailing party" under the FLSA because they "obtained at least some of the results they sought."[5] 29 U.S.C. § 216(b) provides that in any private action brought under the FLSA, the court "shall, *in addition to any judgment*

---

[1]Recommendation Regarding Pls.' Mot. For An Award Of Att'y Fees And Related Non-Taxable Expenses (Doc. No. 649; Sep. 17, 2007) [hereinafter Recommendation].

[2]28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[3]29 U.S.C. §§ 201-219.

[4]See In re Wal-Mart Stores, Inc., 505 F. Supp. 2d 710 (D. Colo. 2007).

[5]Motion at 2.

*awarded* to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."[6] The Magistrate Judge found that the plain language of § 216(b) indicates that entry of a formal judgment (or its judicially-imposed equivalent) for Plaintiffs on at least one claim is required before fees may be awarded.[7] Since all claims in this case were dismissed, the Magistrate Judge concluded that § 216(b) prevents Plaintiffs from qualifying for attorneys' fees.[8]

Plaintiffs object that this interpretation of § 216(b) is too strict and instead argue that the correct standard is whether they were a "prevailing party," a standard they contend is more expansive. This Court agrees with Plaintiffs that § 216(b) allows fees to be recovered in a FLSA case by a prevailing party.

While true that § 216(b) does not explicitly use the term "prevailing party," the statutory language cannot be read in a vacuum. The United States Court of Appeals for the Tenth Circuit has repeatedly held that attorney's fees in FLSA cases are available to a prevailing party.[9] Therefore, the Court sustains Plaintiffs' objection, overrules the

---

[6] 29 U.S.C. § 216(b) (emphasis added). If so entitled, the award of attorney fees and costs is mandatory. See Weisel v. Singapore Joint Venture, Inc., 602 F.2d 1185, 1191 n.18 (5th Cir. 1979).

[7] Recommendation at 5-6.

[8] Id.

[9] Gray v. Phillips Petroleum Co., 971 F.2d 591, 593 n.1 (10th Cir. 1992) (a "prevailing party" is entitled to reasonable attorney's fees, citing § 216(b)); Dalal v. Alliant Techsystems, Inc., 182 F.3d 757, 760 (10th Cir. 1999) (by reference to FLSA fees statute, the Age Discrimination in Employment Act "requires the award of reasonable attorney's fees and costs to a prevailing party"); Bennett v. Coors Brewing Co., 189 F.3d 1221, 1238 (10th Cir. 1999) (same); see also Pearson v. Ross G. Stephenson Assocs., Inc., 1992 WL 223809 at *2 (D. Kan. Aug. 18, 1992) ("as prevailing parties" in the action, the plaintiffs were entitled to reasonable attorney's fees and costs pursuant to § 216(b)); Wright v. U-Let-Us Skycap Servs., Inc., 648 F.Supp. 1216, 1220 (D. Colo. 1986) (Kane, J.); Falica v. Advance Tenant Servs., Inc., 384 F. Supp. 2d 75, 78 (D.D.C. 2005); Heder v. City of Two Rivers, 255 F. Supp. 2d 947, 952 (E.D.

Magistrate Judge, and concludes that Plaintiffs are entitled to attorneys' fees and costs if they are a prevailing party.

However, this distinction is irrelevant since the "prevailing party" standard and the plain language contained in § 216(b) are identical.[10] To obtain fees, both standards require that a plaintiff must achieve a "judicially sanctioned change in the legal relationship of the parties."[11] Such judicially sanctioned changes include, for example, obtaining a judgment on the merits or reaching a settlement agreement enforced through a consent decree.[12]

Plaintiffs contend that their 2003 Agreement with Defendant, memorialized in the Court's Order dated August 27, 2003 (Doc. No. 492), is a "judicially sanctioned change in the legal relationship" sufficient to make Plaintiffs a prevailing party. The Court's Order contains two items which are pertinent here: entry of final judgment on Plaintiffs' Prospective Reduction claims and entry of final judgment dismissing with prejudice all other claims.

---

Wis. 2003), aff'd, 93 Fed. Appx. 81 (7th Cir. 2004); Goss v. Killian Oaks House of Learning, 248 F. Supp. 2d 1162, 1166-67 (S.D. Fla. 2003).

[10]See Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res., 532 U.S. 598, 607 (2001). Although Buckhannon did not directly involve § 216, the Supreme Court has noted its long-standing policy of "interpret[ing] . . . fee-shifting provisions consistently." Id. at 603 n.4 (citing Hensley v. Eckhart, 461 U.S. 424, 433 n.7 (1983)).

[11]Id. at 605.

[12]Buckhannon, 532 U.S. at 603-04. The Court agrees with Plaintiffs that Buckhannon did not identify *every* possible judicially sanctioned change available, see, e.g., Am. Disability Ass'n, Inc. v. Chmielarz, 284 F.3d 1315, 1319 (11th Cir. 2002), but finds that determination of the extent of judicial review needed to reach a judicially sanctioned change was irrelevant for purposes of the Magistrate Judge's ultimate conclusions.

The portion of the Agreement dismissing all other claims *with prejudice* can not be a victory for Plaintiffs under any theory, regardless of Plaintiffs alleged motivation for agreeing to dismiss the claims. Therefore, Plaintiffs' argument is necessarily that the result of their negotiations with Defendant was an undisputed victory - the recognition of the grant of summary judgment on the Prospective Reduction claims - that was given a stamp of approval by the Court.

However, Plaintiffs' argument conveniently ignores that the Tenth Circuit subsequently reversed this victory.[13] As the Magistrate Judge noted, "[w]hatever transitory success Plaintiffs may have enjoyed with the 2003 settlement and contemporaneous favorable judgment" is now irrelevant at this stage of the case.[14] When determining fees, the Court must look at the status of the case and claims as they presently exist.[15] Reviewing the case today, the net result is that every one of Plaintiffs' claims have been dismissed with prejudice. The Magistrate Judge's conclusion that the 2003 Agreement did not result in a judicially sanctioned change in the legal relationship between the parties is correct.[16]

---

[13] *In re* Wal-Mart Stores, Inc., 395 F.3d 1177 (10th Cir. 2005).

[14] Recommendation at 10.

[15] See Ctr. for Legal Advocacy v. Earnest, 320 F.3d 1107, 1112 (10th Cir. 2003) (upon reversal of summary judgment, plaintiff is no longer considered prevailing party on that issue and fees award must be reversed).

[16] Plaintiffs refer to language in this Court's Minute Order dated June 24, 2004 (Doc. No. 553) indicating that "the Court will retain jurisdiction for the purpose of enforcing the agreement executed by the parties . . . and all underlying agreements referenced therein" as proof they have received necessary judicial confirmation to be christened a prevailing party. However, these agreements ultimately provided no recovery for Plaintiffs so reliance on the Court's judicial enforcement of these agreements is unfounded.

Plaintiffs alternatively claim that since Defendant admittedly changed some of its practices specifically due to this lawsuit that they should be deemed a prevailing party. This "catalyst theory" - that a party prevails when achieving the desired result since the lawsuit brought about a voluntary change in defendant's conduct - was explicitly rejected by the Supreme Court in Buckhannon.[17] To avoid this precedent, Plaintiffs argue that Defendant's actions in this case were not "simple voluntary changes in conduct" but rather an "attempt[s] to circumvent the judicial process."[18] Painting Defendant's actions in this manner does not change the fact that Plaintiffs are still attempting to recover fees via the catalyst theory.[19]

Plaintiffs' third and fifth objections, referring this Court to their previous briefs filed in this matter, do not specifically reference any of the Magistrate Judge's findings of facts or conclusions of law contained in the Recommendation. Therefore, these objections are overruled.[20]

After reviewing the evidence, objections, and applicable case law, the Court is satisfied that the remainder of the Recommendation is correct. Accordingly, it is

---

[17]Buckhannon, 532 U.S. at 600. "A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change." Id. at 605.

[18]Pls.' Objections To Recommendation Of U.S. Magistrate Judge at 3 (Doc. No. 650; Oct. 1, 2007).

[19]Additionally, this precise argument was raised by petitioners in Buckhannon and was subsequently rejected. See id. at 608-09.

[20]See, e.g., Edwards v. Fischer, 414 F. Supp. 2d 342, 346-47 (S.D.N.Y. 2006) ("rehashing the arguments set forth in the original petition" results in review of the Recommendation for clear error only).

ORDERED that Plaintiffs' Objections To Recommendation Of U.S. Magistrate Judge (Doc. No. 650; Oct. 1, 2007) are sustained in part and overruled in part. It is

FURTHER ORDERED that the Recommendation of the Magistrate Judge (Doc. No. 649; Sep. 17, 2007) is accepted and adopted as modified by this Order. It is

FURTHER ORDERED that Plaintiffs' Motion And Memorandum In Support Of Motion For An Award Of Attorney Fees And Related Non-Taxable Expenses (Doc. No. 643; Mar. 6, 2007) is denied.

DATED at Denver, Colorado, this __23rd__ day of June, 2008.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court